# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**FELICIA MCFARLAND**                                                        **PLAINTIFF**

**v.**                                                          **No. 3:12cv287-TSL-MTP**

**EAR NOSE & THROAT &**
**FACIAL PLASTIC SURGERY, P.A.**                                        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the Motion to Transfer Venue [4] filed by Defendant. Having considered the motion and the applicable law, the court finds that the motion should be granted.

In its Motion [4], Defendant alleges that this matter should be transferred to the Hattiesburg Division of the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. § 1404(a) and the Uniform Local Rules. Plaintiff did not respond to the motion as required by L.U.Civ.R. 7(b)(3)(A) and (b)(4).

Plaintiff filed this employment discrimination action in the Hinds County Circuit Court. Defendant removed the action to this court on or about April 25, 2012. This court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff's complaint includes claims arising under 42 U.S.C. § 2000e and 29 U.S.C. § 1140.

For the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a). "[T]he plaintiff's choice of forum is clearly a factor to be considered but in and of itself it is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).

> [W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). A decision to transfer venue

under Section 1404 is committed to the sound discretion of the transferring judge. *Jarvis*

*Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).

The threshold issue is whether the claim could have been filed in the judicial district to

which the movant is seeking to transfer the case. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th

Cir. 2004). Venue is proper in "a judicial district in which any defendant resides, if all

defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). A

defendant corporation is deemed to reside in any district in which it is subject to personal

jurisdiction at the time the action is commenced. *Id*. at §1391(c).

Defendant's physical address is in Hattiesburg, Mississippi, which is within the Southern

District of Mississippi and the Hattiesburg Division. Therefore, this action could have been filed

in the Hattiesburg Division of this court. Thus, the court will consider the convenience of the

forum to the parties and witnesses.

In order to determine the convenience to the parties and witnesses the court applies

private and public interest factors. *Volkswagen*, 371 F.3d at 203. The private interest factors

include:

> (1) the relative ease of access to sources of proof; (2) the availability of
> compulsory process to secure the attendance of witnesses; (3) the cost of
> attendance for willing witnesses; and (4) all other practical problems that make
> trial of a case easy, expeditious and inexpensive.

*Id.* The public interest factors are as follows:

> (1) the administrative difficulties flowing from court congestion; (2) the local
> interest in having localized interests decided at home; (3) the familiarity of the
> forum with the law that will govern the case; and (4) the avoidance of
> unnecessary problems of conflict of laws of the application of foreign law.

*Id.*

The private interest factors weigh in favor of transferring the case to the Hattiesburg

2

Division.  As Defendant points out, both Plaintiff and Defendant reside in Hattiesburg, the potential witnesses work and/or reside in Hattiesburg, and the documents concerning Plaintiff's employment are located in Hattiesburg.

The applicable public interest factors also weigh in favor of transferring the case to Hattiesburg.  The events giving rise to Plaintiff's claims occurred in Hattiesburg, thus, Hattiesburg has an interest in the resolution of this matter.

Applying the foregoing public and private interest factors, the court finds that the convenience of the parties and witnesses would be best served by transferring this case to the Hattiesburg Division.

IT IS, THEREFORE, ORDERED:

1.      That Defendant's Motion to Transfer Venue [4] is GRANTED.

2.      This case shall be immediately transferred to the Hattiesburg Division of this court.

SO ORDERED this the 22nd day of May, 2012.

s/ Michael T. Parker
United States Magistrate Judge